**DLD-186**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1968
_____

IN RE:  SYLVESTER ANDREWS,
                                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to Crim. No. 2-92-cr-00671-008)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
April 30, 2015

Before: FISHER, SHWARTZ and GREENBERG, Circuit Judges

(Opinion filed: May 6, 2015)
_____

OPINION*
_____

PER CURIAM

Sylvester Andrews petitions for a writ of mandamus directing the District Court to

vacate several orders in his criminal proceedings.  For the reasons below, we will deny

the petition.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Andrews was convicted in 1993 of various conspiracy, drug trafficking, and weapons offenses. He was sentenced to life in prison for the drug offenses and a consecutive sentence of forty years on the weapons charges.[1] We affirmed his conviction and sentence on appeal. In 2001, Andrews filed a motion pursuant to 28 U.S.C. § 2255 which the District Court denied as time-barred. On appeal, we denied his request for a certificate of appealability. Andrews then filed a motion to expand the record which the District Court denied by order entered June 10, 2003. Andrews appealed, and we denied his request for a certificate of appealability. See C.A. No. 03-3046.

In January 2014, Andrews filed a motion pursuant to Fed. R. Civ. P. 60(b) seeking to vacate the District Court's denial of his § 2255 motion as time-barred. The District Court denied the motion by order entered April 23, 2014. Andrews filed an appeal, and his request for a certificate of appealability was denied. See C.A. No. 14-2675.

In September 2014, Andrews filed another § 2255 motion which the District Court dismissed as second or successive. Andrews appealed, and in our April 20, 2015 order denying his application for a certificate of appealability, we noted that his claims of actual innocence, prosecutorial misconduct, counsel's failure to investigate alibi witnesses, and sentencing error based on Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), were meritless. See C.A. No. 14-4013.

---

[1] In 2008, his life sentence was reduced to thirty years after he filed a successful motion pursuant to 18 U.S.C. § 3582(c)(2). His sentence on one of the weapons charges was later vacated under Bailey v. United States, 516 U.S. 137 (1995).

Meanwhile, in February 2015, Andrews filed another Rule 60(b) motion. He again argued that the denial of his original § 2255 motion as time-barred should be vacated. The District Court denied the motion as untimely and because Andrews had not shown extraordinary circumstances. It also concluded that Andrews's claims of actual innocence, prosecutorial misconduct, counsel's failure to investigate alibi witnesses, and Apprendi error were without merit. Andrews's appeal from that order is pending. See C.A. No. 15-1925.

On April 14, 2015, Andrews filed the instant mandamus petition. He seeks an order directing the District Court to vacate its orders of September 26, 2002,[2] June 10, 2003, and April 23, 2014. He requests that we order the District Court to rule on the merits of his § 2255 claims.

The writ of mandamus will issue only in extraordinary circumstances. See Sporck v. Peil, 759 F.2d 312, 314 (3d Cir. 1985). As a precondition to the issuance of the writ, the petitioner must establish that there is no alternative remedy or other adequate means to obtain the desired relief, and the petitioner must demonstrate a clear and indisputable right to the relief sought. Kerr v. U.S. Dist. Court, 426 U.S. 394, 403 (1976). A writ is not a substitute for an appeal. See In re Briscoe, 448 F.3d 201, 212 (3d Cir. 2006).

Andrews had the alternate remedy of challenging the District Court's orders through appeal. In fact he did appeal, albeit unsuccessfully, the District Court's June 10,

---

[2] In its September 26, 2002 order, the District Court denied Andrews's motion for an extension of time to file his § 2255 motion.

3

2003, and April 23, 2014 orders.  <u>See</u> C.A. Nos. 03-3046 & 14-2675.  Moreover, he has not shown a clear and indisputable right to the relief he seeks; we have already determined that his § 2255 claims are without merit.

For the above reasons, we will deny the mandamus petition.

4